IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN E. KIRSCH,

                      Petitioner,

  v.

FLORENCE COUNTY SHERIFF, KIM DOE, JANE DOE, HEALTH PROFESSIONALS LIMITED, FLORENCE COUNTY BOARD OF SUPERVISORS and FLORENCE COUNTY,

                      Respondents.

ORDER

08-cv-631-slc

---

      Petitioner Kevin Kirsch, a prisoner at the Florence County jail in Florence, Wisconsin, has submitted a proposed complaint. He requests leave to proceed *in forma pauperis* and supports his request with a "Certificate" showing a $21.57 balance in his jail account on October 19, 2008. In addition, petitioner has sent a check in the amount of $40. Because $40 is not enough to cover the full amount of the $350 filing fee and because petitioner's "Certificate" is not adequate to show that he qualifies for pauper status under 28 U.S.C. 1915, I will stay a decision on petitioner's request in order to allow him an opportunity to submit additional information.

      In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month

period immediately preceding the filing of the complaint. If this calculation results in a finding that the prisoner must prepay $350, he will not qualify for indigent status under § 1915.

Because I cannot determine whether petitioner qualifies for indigent status under § 1915, I will stay a decision on his request for leave to proceed *in forma pauperis* until he submits a trust fund account statement for the six-month period immediately preceding the filing of his complaint. I note that although petitioner states in his "Application to Proceed Without Prepayment of Fees and Affidavit" that "this jail has no such record" of the transactions to his jail account for the past six months, he is not relieved of his obligation to obtain copies of his trust fund account statements from any other institution in which he may have been confined for the relevant period. In his complaint, petitioner says that prior to October 8, 2008, he was confined at Dodge Correctional Institution. He is required under 28 U.S.C. § 1915(a)(2) to obtain a trust fund account statement "from the appropriate official of each prison at which [he] is or was confined" during the six-month period. Therefore, if petitioner wants to continue with this lawsuit, he will have to write to Dodge Correctional Institution and any other institution in which he may have been confined between April 18, 2008 and October 8, 2008, to request a certified copy of his trust fund account statement(s). Once petitioner has submitted the necessary statement(s), I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaints under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that petitioner may have until November 20, 2008, in which to submit a trust fund account statement for the period of his incarceration at Dodge Correctional Institution and any other institution in which he may have been confined between April 18, 2008 and October 8, 2008. If, by November 20, 2008, petitioner fails to respond to this order, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 31st day of October, 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge